155 So.2d 459 (1963)
Fletcher DUPLECHAIN, Plaintiff and Appellant,
v.
HOUSTON FIRE & CASUALTY INSURANCE COMPANY et al., Defendant and Appellee.
No. 886.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
*460 John P. Navarre, Oakdale, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George J. Champagne, Jr., Davidson, Meaux, Onebane & Donohoe, by James Diaz, Lafayette, Cavanaugh, Hickman, Brame & Holt, by Frank M. Brame, Lake Charles, for defendant-appellee.
Before FRUGE, TATE and HOOD, JJ.
HOOD, Judge.
This is an action for damages instituted by Fletcher Duplechain, individually and as the administrator of the estate of his minor son, Kenneth Duplechain, for injuries alleged to have been sustained by the child as a result of being struck by an automobile. Three insurance companies were named as defendants, one of which is Central Mutual Insurance Company. Each of said defendants, including Central Mutual Insurance Company, filed a motion for summary judgment, the motion filed by Central being based on allegations that it was not the insurer of the owner or driver of the automobile involved in the accident at the time such accident occurred. After a hearing, the trial court rendered judgment granting the motion filed by defendant Central and dismissing the suit as to that defendant. Plaintiff has appealed.
The sole issue presented is whether the trial court erred in rendering a summary judgment dismissing the suit as to this defendant. Plaintiff contends that the summary judgment should not have been rendered because a genuine issue of material fact exists.
*461 Plaintiff alleges that on March 30, 1961, while his minor son was walking across the highway he was struck by a 1960 Ford Falcon automobile owned by Mrs. Hilda Duhon, and being driven with her consent by Larry J. Richard. He further alleges that Mrs. Duhon had purchased the Falcon automobile less than 30 days before the accident occurred, that prior to purchasing it she owned a 1955 Pontiac automobile, that this Pontiac was traded in on the Falcon, and that defendant Central had issued a policy of liability insurance on the 1955 Pontiac which was in effect at the time of the accident.
Defendant Central, in its motion for summary judgment, alleges that it has never issued a liability insurance policy in favor of Mrs. Duhon covering either a 1955 Pontiac automobile or a 1960 Ford Falcon, and accordingly, that it was not and has never been the liability insurer of the owner or driver of the automobile which was involved in the accident. Central concedes that for the period from May 10, 1960, to May 10, 1961, there was in effect a public liability insurance policy issued by it covering a 1955 Pontiac automobile which was owned by Telesmar Richard, but it alleges that the said Telesmar Richard, and not Mrs. Duhon, was the owner of the Pontiac car and was the insured under that policy.
At the trial of the motion for summary judgment, defendant Central introduced in evidence documentary proof, consisting of certified copies of an application for a certificate of title, a certificate of title of a motor vehicle and an assignment of title, which documents establish that Telesmar Richard purchased a 1955 Pontiac automobile from Bordelon Pontiac Buick Company on December 10, 1959, and that he sold that Pontiac automobile to Oustalet Ford, Inc., on March 18, 1961. Central further produced the same type of documentary proof which establishes that Hilda R. Duhon purchased a 1960 Ford Falcon from Oustalet Ford, Inc., on March 16, 1961.
Also, attached to the motion for summary judgment is a copy of an insurance policy issued by Central to Telesmar Richard, providing public liability and medical payments coverage for the period from May 10, 1960, to May 10, 1961, on the same 1955 Pontiac automobile which was registered in the name of Telesmar Richard. This policy contains a provision to the effect that it covers "* * * a private passenger, farm or utility automobile ownership of any of which is acquired by the named insured during the policy period, provided (1) it replaces a described automobile, or (2) the company insures all private passenger automobiles, * * * owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date, * *."
At the trial Central further produced affidavits of the Assistant Vice President of that company stating that Central had never issued any policy of liability insurance to Hilda R. Duhon covering a 1955 Pontiac or a 1960 Ford Falcon automobile.
The above-described documentary evidence constitutes convincing proof that Central has never issued a liability insurance policy to Mrs. Duhon on either of the two cars referred to in plaintiff's petition. Although plaintiff offered no counter affidavits or evidence of any kind to rebut this proof, he nevertheless contends, as opposed to the position taken by Central, that Mrs. Duhon was the owner of the 1955 Pontiac automobile which was registered in the name of Telesmar Richard (her father), that the Pontiac was traded in on the 1960 Ford Falcon, and that all of the parties, including Central, intended that Mrs. Duhon rather than her father was to be the insured in the policy issued by Central covering the Pontiac.
To support his claims to that effect plaintiff relies on a part of the testimony of Mrs. Duhon which appears in a discovery deposition taken a few days prior to the hearing. This deposition was taken at the request of *462 and was introduced in evidence at the trial by defendants other than Central. Although Mrs. Duhon's testimony deals largely with other issues, she did state in that deposition that prior to purchasing the Falcon automobile she "owned a '55 Pontiac," and that she permitted her brother, Larry J. Richard, to drive the 1955 Pontiac in emergencies. The only other part of her testimony which relates to the issue presented here is the following:
"Q Up until you purchased the Falcondid you ever ask anyone to get insurance on the Falcon?
"A Yes, sir.
"Q Who did you ask?
"A Kenneth LeBlanc of Morse.
"Q Had he ever got insurance for you before?
"A Yes, he had.
"Q For the '55 Pontiac?
"A Yes.
* * * * * *
"Q When you asked Kenneth LeBlanc to get insurance, what kind of insurance was that?
"A Liability.
"Q Was that on an automobile?
"A Yes, it was.
"Q When did you ask him to get insurance for you?
"A The same day I purchased the automobile."
Although there is no evidence to that effect, we assume that the 1955 Pontiac automobile to which Mrs. Duhon refers in her testimony is the same car as the one which was registered in the name of her father, Telesmar Richard. With that assumption and considering her statement that she "owned a '55 Pontiac," we can find some logic for concluding that a genuine issue of fact as to the ownership of the 1955 Pontiac automobile does exist.
Neither the testimony of Mrs. Duhon nor any other evidence appearing in the record, however, shows that the Pontiac automobile was traded in on or replaced the 1960 Ford Falcon, or that Kenneth LeBlanc was an agent of defendant Central, or that Central had any knowledge of the fact that Mrs. Duhon claimed to be the owner of the 1955 Pontiac automobile, or that Central ever intended that Mrs. Duhon, instead of her father, was to be the insured under the policy issued to Telesmar Richard. The uncontradicted, receivable evidence which was presented at the trial establishes that defendant Central has never issued a policy of liability insurance to Mrs. Duhon. The only contradiction of that material fact which appears in the record is the allegation in plaintiff's petition that the defendants, including Central, "had policies of liability insurance on the 1955 Pontiac which was traded as above, which policies were in full force and effect by virtue of the timely payment of premiums, which policies were issued in accordance with the usual terms and provisions of the Louisiana Insurance Code," and the unsupported assertion by counsel for plaintiff in arguments on this appeal that the intent of the parties was that Mrs. Duhon was to be the insured under the policy issued by Central to Telesmar Richard.
The circumstances presented here, therefore, are that at the trial of the motion for summary judgment, the mover, Central, proved by uncontradicted, receivable evidence that it was not the liability insurer of the owner or driver of the car involved in the accident. No counter affidavits or other evidence tending to rebut that claim was introduced at the trial, the only contradiction of that proof which appears in the record being the allegations contained in plaintiff's petition to the effect that Central was the liability insurer of the owner and driver at the time of the accident. The question presented, therefore, is whether a genuine issue of material fact exists, to the *463 extent that a summary judgment may not be rendered, when the party seeking the summary judgment proves by uncontradicted, receivable evidence the facts on which the motion is based, while the opposing party merely alleges in his pleadings a contrary material fact.
Our Supreme Court has held that in passing upon a motion for summary judgment the purpose of permitting the court's examination of proffered materials extraneous to the pleadings is not that of trying an issue but to determine whether there is a genuine issue of material fact to be tried; that the burden is on the mover to show that there is no genuine issue of fact; and that any doubt must be resolved against the granting of a summary judgment. See Kay v. Carter, 243 La. 1095, 150 So.2d 27.
Article 966 of the LSA-Code of Civil Procedure relating to motions for summary judgment provides that:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The articles of the Code of Civil Procedure relating to summary judgment (Articles 966 et seq.) have been patterned largely upon Rule 56 of the Federal Rules of Practice. With reference to Rule 56 of the Federal Rules, the following significant comment appears in Barron and Holtzoff, Federal Practice and Procedure:
"In the preceding section it is indicated that there is confusion in the case law as to whether a mere pleading allegation is enough to create a genuine issue, defeating a motion of summary judgment, where the moving party has supported his motion with affidavits or other evidentiary material showing the fact to be contrary to the assertion in the pleading of the party opposing the motion. The question deserves further analysis here, for it is fundamental to the correct interpretation of Rule 56.

"It is perfectly clear on principle that pleading allegations do not create an issue as against a motion for summary judgment supported with affidavits. The very object of the summary judgment procedure, as Cardozo said long ago, is `to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.' The rule was intended to permit a party to pierce the allegations of fact in his opponent's pleadings. Indeed there would be no point in Rule 56 were this not true, for summary judgment procedure then would duplicate the old common-law demurrer, or the equivalent motion for judgment on the pleadings. No matter what the true facts might be, nor how readily they could be shown, a party would be forced to incur the expense and delay of a trial if his opponent's pleading were legally sufficient. Thus scholars are agreed that to hold summary judgment improper in the situation described `would have virtually destroyed the effect of the summary judgment proceedings.' And, despite some early vacillation, the principle here suggested is now fully supported by decisions from every Court of Appeals which has spoken on the question, with the exception of the Third Circuit." (Volume 3, Barron and Holtzoff, Federal Practice and Procedure, Section 1235.1, pages 152, 153).
In Touchet v. Firemen's Insurance Company of Newark, New Jersey, La.App. 3 Cir., 146 So.2d 441, we held that for the purposes of considering a motion for summary judgment, the court is not bound to accept as true the allegations contained in plaintiff's petition. In arriving at that conclusion, we quoted with approval another appropriate excerpt from Volume 3, Barron *464 & Holtzoff, Federal Practice and Procedure, Section 1235, pages 142, 144.
In Bruce Construction Corporation v. United States, 242 F.2d 873, the United States Court of Appeals, Fifth Circuit, held that where the summary judgment movant makes a convincing showing that there is no genuine issue of material fact, the courts require that the adversary then adequately demonstrate by receivable evidence that a real, not formal, controversy exists in order to defeat the motion. In so holding, the court said:
"But, equally vigorous in giving full range to this mechanism, we have just as consistently rejected any notions that pretense, or apparent formal controversy can thwart application of this rule or hamstring the court in determining whether it is a proper case for it. Consequently, when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."
In Goodart v. Maryland Casualty Company, La.App. 4 Cir., 139 So.2d 567, our brothers of the Fourth Circuit affirmed the judgment of the trial court dismissing a suit on a summary judgment, and in doing so the court said:
"In the absence of any counter-affidavits, it must be assumed that there is no dispute with regard to the facts set forth in Defendant's motions. Art. 966 et seq., LSA-C.C.P., which follow rule 56 of F.R.Civ.P., 28 U.S.C.A."
If the mere allegation of a material fact in a pleading or the assertion of such a fact by counsel in the course of his argument, as opposed to uncontradicted proof to the contrary, should be considered as creating a genuine issue of material fact, within the meaning of LSA-C.C.P. Article 966, then it seems to us that a trial or hearing on a motion for summary judgment could serve no useful purpose in any well pleaded case. Under those circumstances, a motion for summary judgment in all cases where the material facts are adequately alleged would be disposed of on the face of the pleadings, because a genuine issue of material fact would always exist regardless of how convincing the evidence offered by the movant for summary judgment might be. Under the circumstances above outlined, we think the mere allegation of a fact in the pleadings, as opposed to proof to the contrary, will not ordinarily be sufficient to show that a genuine issue of material fact exists.
In our opinion, the burden of proof rests upon the party seeking a summary judgment to show that there is no genuine issue as to any of the material facts on which the motion is based. If he does produce convincing proof to establish that, then the burden shifts to the opposing party to show by receivable evidence that a genuine issue of a material fact does exist. He is not required to establish that the facts are different from those alleged by the movant, but he is required to show that there is a real, not formal, controversy as to a material fact. The mere allegation by the opposing party, or a statement by his counsel in argument, that a material fact is different from that proved at the trial ordinarily will not be sufficient to defeat the motion for summary judgment. If the movant at the trial produces convincing proof of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then we think a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings.
In the instant suit the movant, Central, has established that it was not the insurer of the owner or driver of the car involved in the accident. No counter affidavits or receivable evidence tending to *465 disprove that fact were presented at the trial, so we conclude that there is no genuine issue as to that material fact. Since Central was not the insurer of the owner or driver of the automobile which struck plaintiff's son at the time the accident occurred, Central is entitled as a matter of law to have the suit dismissed as to it, and we think the trial court correctly rendered a summary judgment dismissing the suit as to Central.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.