187 So.2d 492 (1966)
ROY & ROY, A. J. Roy and Chris J. Roy, Individually and as Partners, Plaintiffs-Appellants,
v.
Charles A. RIDDLE, Jr., Defendant-Appellee.
No. 1722.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1966.
Rehearing Denied June 29, 1966.
*493 Hunt, Godwin, Painter & Roddy, by Fred R. Godwin, Lake Charles, for plaintiffs-appellants.
David I. Couvillion, Marksville, John A. Boatner, Jr., Bunkie, and Charles A. Riddle, Jr., Marksville, for defendant-appellee.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
This defamation suit is brought by A. J. Roy (Sr.) and Chris J. Roy individually and as a law partnership. Made defendant is Charles A. Riddle, a member of the Avoyelles Parish bar, as are the plaintiffs. The trial court granted the defendant summary judgment dismissing the suit. The plaintiffs appeal.
The suit is based upon a letter signed by George and Mary Washington directed to Chris J. Roy and his lawyer brother, A. J. Roy, Jr. (The latter is not a party to this suit.) The letter stated that they had learned that Chris J. Roy and A. J. Roy, Jr., had filed suit on their behalf for the death of their son and that "We have never employed any of you to represent us * *. We are sending a copy of this to the Judge, the Clerk of Court, and the Insurance Company and we are filing a motion to dismiss the suit which you filed. * * *" (Italics ours.)
The plaintiffs allege that, although signed by the Washingtons, the letter was in fact "authored" by the defendant and was by him transmitted to the petitioners and distributed to the judge, clerk, and local insurance agent without his having attempted to ascertain the veracity or validity of the false information given him by the Washingtons.
The trial court granted summary judgment dismissing the plaintiffs' suit based essentially upon an affidavit by the Washingtons. They stated that they had never employed Chris J. Roy or A. J. Roy, Sr. (who had previously filed a death suit for them), that they had only talked with A. J. Roy, Jr., about the case, and that the letter was transcribed and distributed as directed solely by them.
The trial court felt that since the plaintiffs submitted no affidavit contradicting this, then there was no material issue of fact, citing Duplechain v. Houston Fire & Cas. Ins. Co., La.App. 3 Cir., 155 So.2d 459.
In Duplechain, a specific allegation of essential fact in the plaintiff's petition was negated by uncontradicted affidavits offered by the defendants moving for summary judgment. We held that in such circumstance the burden shifts to the opponent to show by receivable evidence that a material factual dispute still exists as alleged by the petition despite the negation of the determinative fact by the mover's uncontradicted showing.
We did not intend by this holding to require an opponent to a summary judgment to produce pro forma affidavits simply to contradict affidavits filed by the proponent, when the remainder of the showing in the record shows that there are issues of material fact despite the mover's affidavits.
LSA-C.C.P. Art. 966 provides for summary judgment to be rendered only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to *494 material fact, and that mover is entitled to judgment as a matter of law."
The courts have noted repeatedly that the summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather only to determine whether or not there is a genuine issue of material fact. To obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover, nor that the showing then made preponderantly indicates there is no liability. The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.
See: Kay v. Carter et al., 243 La. 1095, 150 So.2d 27; Smith v. Preferred Risk Mutual Ins. Co., La.App. 3 Cir., 185 So.2d 857 (Docket No. 1705; decided April 27, 1966); Aymond v. Missouri Pacific Railroad Co., La.App. 3 Cir., 179 So.2d 461, and cases therein cited.
The trial court erred in granting summary judgment.
Under the pleadings and showing, there are material issues relating to the Washingtons' employment of the plaintiffs Roy,[1] relating to the motive and purpose of the letter sent, and relating to whether its distribution to other parties without prior communication with the Roys was beyond what the occasion demanded should there be a qualified privilege attaching to the defendant lawyer's acts on behalf of his clients.
As the trial court stated, summarizing the basis of the suit complaining of the Washingtons' letter as libelous: "Plaintiffs' counsel states that the basis of the suit is the action of defendant in circulating the accusation that plaintiffs filed a suit without having been authorized by the claimants therein to do so, thereby charging them with unethical conduct, when actually they did possess such authority. A careful reading of the petition herein establishes this appraisal to be correct."
"A defamatory charge touching an attorney in his profession is actionable per se." 53 C.J.S. Libel and Slander §38, p. 85. "In order to constitute a publication it is not necessary that the communication be made known to the public generally, or to several persons; it is enough if it is made known to a single person." Id., §82a at p. 133. "The protection of a qualified privilege may be lost by the manner of its exercise, as where the communication complained of goes beyond what the occasion demands and is unnecessarily defamatory." Id., § 97a, p. 153. "The existence of express malice, although not affecting an absolutely privileged communication, will defeat the privilege of a qualifiedly privileged communication; but express malice or malice in fact is essential to warrant recovery in such case." Id., §100, p. 158.
The summary judgment device of our Code of Civil Procedure is chiefly based upon the provisions of the Federal Rules. The prior jurisprudence of the federal courts pertaining to the proper use of this device is therefore especially persuasive. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
*495 Under the federal cases on the question, the summary judgment device is often not appropriate when based only upon the defendant's uncontradicted affidavits negating subjective facts material to decision of the case, such as motive, intent, malice, good faith, or other subjective feelings or reactions which are essentially within the possession of the defendant and his witnesses alone. Alvado v. General Motors, 229 F. 2d 408 (CA 2, 1956); Subin v. Goldsmith, 224 F.2d 753, 758-761 (collecting cases) (CA 2, 1955); Alabama Great Southern Railroad Co. v. Lousiville and Nashville Railroad Co., 224 F.2d 1, 5, 50 A.L.R.2d 1302 (CA 5, 1955). To permit a defendant by ex parte affidavit to avoid a trial on the merits would thus permit him to "`withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony'", Subin cited above at 224 F.2d 758, as well as to withdraw their testimony from effective demeanor-evaluation by the trier of fact which, in the light of all the circumstances, may determine that the witness's words which negate, are nevertheless untrue in the light of all circumstances.[2]
We do not mean to express any opinion as to the merits by our statements of the disputed facts and of the legal principles which may possibly be applicable. We are aware that possibly the showing can under all the evidence be construed as an honest misunderstanding resulting in an unmalicious communication by a respected member of the bar to those entitled to know of the misunderstanding, which caused no damage to equally-respected members of the bar. We say only that the showing so far made indicates that this litigation includes unresolved issues of material fact, so that the plaintiffs are entitled to their day in court to determine them by trial on the merits.
For the reasons assigned, therefore, we conclude that our trial brother erred in granting the defendant a summary judgment. Accordingly, such judgment is set aside, and this case is remanded for further proceedings not inconsistent with the views herein expressed. The defendant-appellee is to pay all costs of this appeal; other costs are to await final termination of these proceedings.
Remanded.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Mary Washington testified in a deposition in a suit by A. J. Roy, Jr., for his fee that she had signed a paper in his office. Tr. 61. This paper retained "Anthony J. Roy, Jr., and/or the law firm of Roy & Roy". Tr. 112. The deposition was introduced in the present suit over objection by the defendant. Furthermore, even if the Washingtons engaged A. J. Roy, Jr., only, so that the other Roys were not technically "employed" by them, the letter implying that they were not authorized to file the suit is nevertheless reasonably actionable.
[2] See also discussion indicating only qualified approval of this preponderant federal jurisprudence at 3 Barron and Holtzoff, Federal Practice and Procedure, Section 1232.2 (1958 revision).