213 So.2d 136 (1968)
Ada Marie JOINER, Plaintiff-Appellant,
v.
A. L. LENEE et al., Defendants-Appellees.
No. 2339.
Court of Appeal of Louisiana, Third Circuit.
July 26, 1968.
Rehearing Denied August 20, 1968.
*137 J. Minos Simon, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, Thompson & Sellers, by Charles Thompson, Jr., Abbeville, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an action for damages arising out of the death of Johnny Joseph Johnson, who died as the result of a wound received when he was shot by Edward Landry. The suit was instituted by the decedent's widow, Ada Marie Joiner, individually and in behalf of her two minor children. The defendants are Landry, A. L. Lenee, City of Abbeville and Great American Insurance Company. Lenee is a former Chief of Police of the City of Abbeville, and Great American Insurance Company was the insurer of that city when the shooting occurred. In response to motions filed by three of the defendants, and after hearing, a summary judgment was rendered by the trial court dismissing the suit as to Lenee, City of Abbeville and Great American. Plaintiff has appealed.
Plaintiff contends that a genuine issue of material facts exists, and that the trial judge thus erred in rendering a summary judgment. Defendants contend that there is no genuine issue as to a material fact and that the judgment of dismissal should be affirmed.
Plaintiff alleges that at about 2:20 a.m. on November 16, 1964, the decedent was shot by defendant Landry shortly after the former entered a night club in Abbeville, Louisiana. She alleges that the shooting was "without provocation whatsoever," and that it was done by Landry "while acting or purporting to act under color of law and by virtue of his status as a police officer." She further avers that defendant Lenee was the Chief of Police of the City of Abbeville when the incident occurred, and that:
"Previous to November 16, 1964, the said A. L. Lenee appointed and employed one Edward Landry as a city police officer for the City of Abbeville and at all times material hereto the said Ed Landry was acting or purporting to act under color of statute, ordinance, regulation, custom, and/or usage and in his capacity as a police officer."
Plaintiff propounded interrogatories to defendants Lenee and City of Abbeville, which interrogatories were answered. Plaintiff also took the deposition of Lenee.
On April 14, 1966, Lenee filed a motion for a summary judgment, praying that the suit be dismissed at plaintiff's costs. Annexed to and made a part of that motion were the pleadings, the interrogatories which had been propounded by plaintiffs and the answers thereto, the deposition of Lenee and four affidavits. On April 21, 1966, a similar motion for a summary judgment was filed by defendants City of Abbeville and Great American Insurance Company.
On April 25, 1966, or four days after the last mentioned motion for summary judgment had been filed, plaintiff filed a supplemental petition alleging, in substance, that for many years the police department of the City of Abbeville had encouraged the *138 employment of peace officers by private citizens in places of public amusement, that the city police department recommended Landry for that type of employment and provided him with a police badge and uniform, that the city police department authorized Landry to wear and make discretionary use of side arms and held him up to the general public as a police officer of the city, and that at the time of this shooting Landry thus was a "de jure and/or de facto" officer of the city. Alternatively, plaintiff alleges that defendants are estopped from denying that Landry was a de jure or de facto peace officer or that he was acting for the City of Abbeville at the time the shooting occurred.
A hearing was held on the motion for summary judgment, and at that hearing the movers filed in evidence the above described interrogatories and answers, the deposition of Lenee and the four affidavits which were attached to one of said motions. Plaintiff filed no affidavits and she presented no evidence of any kind at that hearing. After the trial, the trial judge concluded that the affidavits and deposition "negate any employment of Edward Landry by the City of Lenee," and a summary judgment thus was rendered dismissing the suit insofar as it was directed against the defendants Lenee, City of Abbeville and Great American Insurance Company.
The receivable evidence which was introduced at the hearing shows that Landry was employed as a part-time policeman by the City of Abbeville from February 16 to August 28, 1962, and that his employment was terminated on the last mentioned date, which was more than two years before the decedent was shot. Landry has not been employed by the city at any time since that date, and he thus was not employed by the city or by Lenee on November 16, 1964, when the shooting which precipitated this suit occurred. Police officers in the City of Abbeville, including part-time officers, are and have been employed only by resolution adopted by the Mayor and City Council. The Chief of Police has never employed and has never been vested with authority to employ any such officer.
The owner of the nightclub in which this incident took place stated, by affidavit, that Landry was working for him as a "bouncer" when the shooting occurred, that he paid Landry for his work, that the latter was under the direct supervision of the affiant, that no one else exercised any supervision or authority over Landry at that club, and that Landry was not under the supervision or control of the City of Abbeville or of any officer or employee of that city. The statements of the owner of the nightclub were verified by an affidavit of another employee who was working as a "bouncer" in the same club.
Lenee testified by deposition that Landry has not been employed by the City of Abbeville at any time since his original employment was terminated on August 28, 1962, and that since that time Landry has never been authorized to carry side arms or to make arrests. He stated that when Landry's employment by the city was terminated in 1962, he allowed Landry to keep "some old clothes and a cap" and "an old badge," and that Landry was wearing the badge and the cap when the shooting occurred. With reference to the clothes, the cap and the badge, Lenee explained, "Well, I give him all of that. I didn't take it away from him. When he use it again, he just went and used it. But, I didn't tell him to use that. He just used it." "Well, I didn't know he was using them even."
Lenee stated that the owner of the nightclub called him before hiring Landry and asked if it was all right for Landry to be his bouncer, and that Lenee thereupon told him "it was all right with me if it's all right with you * * * he could take anybody for bouncer as far as that." Lenee acknowledges that he knew that bouncers in nightclubs, including Landry, carried pistols while working in this capacity, although they have no legal authority to do so, but he stated that "they do that all over the country." He stated that prior *139 to the time the incident involved here occurred, while Landry was working as a bouncer at another nightclub, Lenee informed him that he could not make arrests, and that all he could do was to hold the offender under civilian arrest "until my boys get there."
As we have already noted, plaintiff filed no counter-affidavits and submitted no evidence of any kind to rebut the statements contained in the affidavits, deposition and answers to interrogatories which had been offered in evidence by defendants.
The summary judgment remedy is not a substitute for a trial, and a summary judgment may not be rendered when there is a genuine issue of a material fact which must be resolved. The burden of proof rests on the party seeking a summary judgment to show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve the disputed facts. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Roy & Roy v. Riddle, 187 So.2d 492 (La.App.3d Cir. 1966); Henderson v. Falgout, 188 So.2d 208 (La.App.1st Cir. 1966).
If the mover at the trial of a motion for summary judgment produces convincing proof, by affidavits or other receivable evidence, of the facts upon which the motion is based, and no counter-affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings. LSA-C.C.P. arts. 966 and 967; Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459 (La.App.3d Cir. 1963); Touchet v. Firemen's Insurance Company of Newark, New Jersey, 146 So.2d 441 (La.App.3d Cir. 1962, cert. denied); Goodart v. Maryland Casualty Company, 139 So. 2d 567 (La.App.4th Cir. 1962); Dowden v. Hartford Accident & Indemnity Company, 151 So.2d 697 (La.App.3d Cir. 1963); Roy & Roy v. Riddle, supra; Henderson v. Falgout, supra; Rushing v. Weyerhaeuser Company, 144 So.2d 420 (La.App.4th Cir. 1962); Johnson v. Combined Insurance Company of America, 158 So.2d 63 (La. App.1st Cir. 1963).
LSA-C.C.P. art. 967, as amended by Act 36 of 1966, provides that:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
A comment appearing under LSA-C.C.P. art. 966, after that article and the succeeding one were amended in 1966, reads in part:
"The amendments of these two articles were adopted to: (1) permit the trial judge to consider answers to interrogatories when deciding the motion for summary judgment; and (2) require the adverse party against whom a motion for summary judgment had been taken to file counter-affidavits, and not permit him to rely on the bare allegations of his pleading."
The receivable evidence which was presented at the hearing in the instant suit shows that Landry was not employed by the City of Abbeville or by defendant Lenee at the time the shooting occurred. He received no remuneration from the city, and neither the city nor any official or employee of that city exercised any authority or control over his actions at that time. The pistol which was used in the shooting was not furnished by the city or by Lenee, and Landry was never authorized by the city or by its Chief of Police to wear or to use side arms at any time after his employment *140 by the city had been terminated in 1962. At the time the shooting occurred Landry was employed by the owner of the nightclub where he worked, he received his salary solely from that employer and in performing the duties of his employment he was subject solely to the authority and control of the owner of that club.
The evidence also shows that at the time the shooting occurred Landry was wearing a policeman's cap and a policeman's badge of the type used by policemen in the City of Abbeville, and he was carrying a pistol. The Chief of Police of that city had allowed Landry to keep the cap and the badge, as well as two old policeman's uniforms, when his employment as a part-time policeman had been terminated two years earlier. Although Landry was not specifically authorized to use the cap and the badge, he had not been expressly prohibited from doing so. We assume, for the purposes of this motion, that defendant Lenee was aware of the fact that Landry was working as a bouncer in various nightclubs in Abbeville, that he at least occasionally wore the policeman's uniform and badge which he had been allowed to keep, and that he also occasionally carried a pistol while so employed.
We conclude that all of the above stated facts have been established, and that there is no genuine issue as to any of those facts. In arriving at that conclusion, we have considered the circumstance that plaintiff has not filed any counter-affidavits or presented any evidence to contradict the facts proved by defendants. We also note that the allegations in plaintiff's supplemental petition that Landry was acting as agent for the City of Abbeville and that he was a de jure and de facto peace officer of the city at the time of the shooting are conclusions of law, rather than allegations of fact.
The next question presented is whether under these established facts, about which there is no genuine issue, the movers are entitled to the summary judgment which they seek.
The case of Tezeno v. Maryland Casualty Company, 166 So.2d 251 (La.App.3rd Cir. 1964), involved facts which were similar to those presented here. In that case Albert Isadore, the person who did the shooting, was employed by the owner of a theater in the City of Lafayette to keep order in and around that building. He was wearing a policeman's uniform and he carried a loaded pistol in a holster at his side when the shooting occurred. The uniform and pistol had been purchased by him. Isadore was not employed by the City of Lafayette and he had never been a member of the city police department. He, however, had been issued an "Honorary Commission" by the Chief of Police of the City of Lafayette, and he had a card certifying to that effect on his person at the time of the shooting. Under those circumstances, we held that Isadore was not a policeman for the City of Lafayette, and that the city thus was not responsible for his actions which resulted in the death of plaintiff's son.
Plaintiff argues that the Tezeno case is distinguishable from the instant suit, because "there was nothing outwardly identifying Isadore as a member of the City Police Department of Lafayette," whereas in this case the Chief of Police of the City of Abbeville had furnished Landry with a uniform, a cap and a badge which labeled him as a member of the city police department. It is argued that Lenee knew that Landry wore this uniform and badge and that he carried a gun while working at the nightclub, and that he took no steps to prevent Landry's from doing so. Landry, plaintiff contends, was impersonating a city policeman to the knowledge of the Chief of Police, and the city and its insurer thus are liable for the actions of Landry in shooting the decedent.
We are unable to distinguish the Tezeno case from the instant suit. There, Isadore was wearing a policeman's uniform, he carried a gun and he had in his possession a card signed by the Chief of Police certifying that an "Honorary Commission" had been issued to him. In this suit, Landry *141 was wearing a policeman's cap, he was carrying a gun and he wore a policeman's badge. In each case the person who did the shooting was employed by the owner of a private business, he was not employed by the city and the city exercised no authority or control over him. We think the rule which was applied in the Tezeno case should be applied here.
In our opinion the fact that the Chief of Police, Lenee, allowed Landry to keep his old uniforms and a badge, and that he knew that Landry was wearing the uniform and badge and carried a gun at times while working as a bouncer in nightclubs, are not sufficient to make Landry a de facto officer of the city. We agree with the trial judge, therefore, that plaintiff may not recover from Lenee, or from the City of Abbeville or its insurer.
Plaintiff argues further that defendants are estopped from denying that Landry was a de jure or de facto policeman. She contends that the city robed Landry with all of the paraphernalia necessary to identify him as a member of the police department, and that "because Landry was so robed, petitioner's husband did not resist or defend himself."
The pleadings filed by plaintiff do not indicate that the decedent was misled in any way by Landry's cap and badge. But even if he was misled and for that reason did not defend himself, the unquestioned facts show that it was not the fault of the City of Abbeville or the Chief of Police. The fact that the Chief of Police allowed Landry to keep his old uniforms and policeman's badge two years earlier does not render the city liable for Landry's actions here. And, the failure of the Chief of Police to prevent Landry from carrying a gun also does not render the city liable for his actions in using that gun. To hold otherwise would compel a holding that the city would be liable in every case where it fails to prevent a citizen from illegally carrying a gun which inflicts injury on someone else.
Our conclusion is that defendants are not estopped from denying that Landry was a de jure or de facto police officer at the time this shooting occurred.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffappellant.
Affirmed.

On Application for Rehearing
En Banc. Rehearing denied.