FRUGÉ, Judge.
This is an appeal from the dismissal by summary judgment of this action for damages.
On December 7, 1966, smoke from a fire in the Morgan & Lindsey store in De-Ridder, Louisiana, caused $31,281.93 damage to merchandise in Hicks Department Store, immediately adjacent. Aetna Insurance Company, the fire and extended coverage insurer of Hicks Department Store and its proprietor, V. L. Hicks, paid its insured $17,262.41. Subrogated then to its insured’s rights and causes of action against persons responsible for the loss, Aetna filed suit against Morgan & Lindsey, Inc., seeking to recover the amount it had paid Hicks. Aetna based its claim on three alternative grounds:
1. “The doctrine of absolute liability, as expressed in Louisiana Civil Code Article 667;”
2. Negligence, applying the doctrine of res ipsa loquitur;
3. Acts of negligence of Morgan & Lindsey, Inc., through its agents, employees, or servants, including maintaining faulty electrical equipment; keeping volatile hydrocarbon liquids in such a manner as to cause them to ignite; storing refuse and other material in such a manner as to cause spontaneous combustion; in placing combustible material near flame; and a general allegation of negligence.
After filing a general denial, defendant filed a motion for summary judgment supported by its discovery deposition of Hicks and an affidavit of the manager of the Morgan & Lindsey store. Plaintiff filed no opposing affidavits or other evidence. The trial court granted summary judgment, and Aetna appeals.
Morgan & Lindsey argue, in support of the summary judgment in their favor, (1) that liability without fault under La.C.C. art. 667 has no applicability to cases involving the spread of fire to adjoining premises; (2) that res ipsa loquitur does not apply; and (3) that Aetna has never possessed evidence or testimony to prove the allegations of specific negligence.
Because we believe that there remain genuine issues of material fact which must be resolved concerning the allegations of specific negligence, and thus that the summary judgment was erroneous on that ground, we make no comment concerning the applicability of strict liability or res ipsa loquitur to such a case as this.
In his deposition, Hicks stated that he did not know what caused the Morgan & Lindsey fire, nor anyone who had “specifically stated that they know what caused that fire”. He also stated that he did not know anyone who thought the fire started as a result of carelessness. (Tr. 30).
Mr. R. M. Trout, the manager of the Morgan & Lindsey store, said in his affidavit that after a thorough investigation he was “never able to determine the cause of the fire; that none of his employees know what caused the fire, and, although investigations were made by various official agencies, he knows of no one who knows what caused the fire”. (Tr. 41).
On September 5, 1968, Morgan & Lindsey propounded to Aetna certain interroga *214 tories, which Aetna answered. Asked who had knowledge of, or might give testimony to prove any of the allegations of specific negligence in the petition, Aetna named Trout and “Persons or a person, as yet unidentified, who works with or who is associated with the DeRidder Fire Department, who may have information relative to the cause of the fire”. (Tr. 12).
In Fontenot v. Aetna Ins. Co., 225 So.2d 648, 651 (La.App. 3d Cir. 1969), we summarized the legal principles relating to summary judgments:
“Summary judgments may be granted when the pleadings, depositions, interrogatories, admissions, and affidavits show there is no genuine issue as to material facts. LSA-C.C.P.Art. 966. However, the summary judgment remedy is not a substitute for a trial where there is a genuine issue of material fact which must be resolved.
“ * * * The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. See: Kay v. Carter et al., 243 La. 1095, 150 So.2d 27; Roy & Roy v. Riddle, La.App. 3d Cir., 187 So.2d 492; Green v. Southern Bell Tel. & Tel. Co., La.App. 3d Cir., 204 So.2d 648.
“We have further noted that the summary judgment device is often not appropriate when based only upon a defendant’s uncontradicted affidavits and admissions to negate subjective facts material to the fact case, such as motive, intent, malice, good faith, or knowledge, Roy & Roy v. Riddle, La.App. 3d Cir., 187 So.2d 492. In such instances, as we noted at 187 So.2d 495: ‘To permit a defendant by ex parte affidavit to avoid a trial on the merits would thus permit him to “withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony”, * * * as well as to withdraw their testimony from effective demeanor-evaluation by the trier of fact which, in the light of all the circumstances, may determine that the witness’s words which negate, are nevertheless untrue in the light of all circumstances.’ ”
The Hicks deposition is of little value in proving whether or not the fire in the Morgan & Lindsey store was caused by negligence. Evidence concerning the condition of the electrical equipment in the Morgan & Lindsey building, and the method and location of stored combustible materials are essentially within the possession of the management and employees of Morgan & Lindsey. Hicks need not be expected to know what caused the fire, or to know anyone who claims to know how it started.
Nor are we convinced by the ex parte affidavit of the manager of Morgan & Lindsey’s store, received without benefit of cross examination or opportunity to evaluate his credibility, that there is no negligence involved. The standard of a reasonable man and issues of negligence usually cannot be determined except in the context of the total facts. Smith v. Preferred Risk Mut. Ins. Co., 185 So.2d 857 (La.App. 3d Cir. 1966).
But, Morgan & Lindsey argues, Aetna has stated in its answer to the interrogatories that Trout and some unknown fireman were the only persons with knowledge of, or who might give testimony to prove, the allegations of specific negligence. The affidavit and deposition submitted by them are alleged to have shifted to Aetna the burden of showing that an issue of material fact exists. To avoid summary judgment, the argument continues, Aetna was required to respond to Morgan & Lindsey’s motion by affidavits or other receivable evidence. La.C.C.P. Art. 967, as amended 1966; Joiner v. Lenee, 213 So.2d 136 (La.App. 3d Cir. 1968); Aymond v. Missouri Pac. R. R., 179 So.2d 460 (La.App. 3d Cir. 1965); Burrell v. Baton Rouge Sec. Co., 169 So.2d 668 (La.App. 1st Cir. 1964); Duplechain v. *215 Houston Fire & Cas. Ins. Co., 155 So.2d 459 (La.App. 3d Cir. 1963).
Neither the amendment to C.C.P. Art. 967, nor our decision in Joiner, Ay-mond, or Duplechain, require an opponent to a summary judgment to produce pro forma affidavits simply to contradict the affidavits filed by the proponent, when the proponent’s affidavits do not directly put at issue allegations of material fact in the petition. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3d Cir. 1966). To do so would relieve the proponent of his proper burden of showing no material factual issue.
In Joiner, plaintiff, in bringing an action for damages arising out of her husband’s death as a result of his being shot by a nightclub “bouncer”, named the City of Abbeville and its then chief of police as defendants. She alleged that the bouncer, in shooting her husband, was “acting or purporting to act under color of law and by virtue of his status as a police officer”. By supplemental petition, she alleged that the city police department had provided the bouncer with a badge and authorized him to make discretionary use of firearms, and that he was held up to the public as a police officer and thus was “de jure and/or de facto” a city police officer. Defendant’s evidence, submitted with its motion for summary judgment, consisted of the deposition of the former chief of police; answers to interrogatories propounded to it by plaintiff; and four affidavits, including one by the owner of the nightclub and another by a second bouncer at the same club. That evidence directly contradicted plaintiff’s allegations by showing that at the time of the shooting the bouncer was in no way employed by the City of Abbe-ville; that he was not authorized by the city to wear or use the pistol with which plaintiff’s husband was shot; that he was not authorized to wear the policeman’s cap and badge he had worn, though he had not been prohibited from so doing; and that he was employed by, and under the sole supervision and control of, the owner of the nightclub. This proof was convincing that there was no genuine issue of fact concerning the bouncer’s not being a city employee or acting under color of authority of the city. Plaintiff’s failure to file counter-evidence justified summary judgment.
In Aymond, plaintiff’s husband was killed when the truck he was driving collided with a stationary boxcar at a rail crossing. Defendant alleged contributory negligence in its answer, and moved for summary judgment, annexing plaintiff’s deposition and the affidavits of two of defendant’s employees or agents. This evidence showed that the decedent was thoroughly familiar with the crossing at which the collision occurred; that defendant’s automatic crossing flasher signals at the crossing was operating at and immediately prior to the accident; and that the force of collision indicated that decedent might well have been exceeding the posted 15 mph speed limit on a dark, foggy morning with severely limited visibility. Plaintiff’s failure to dispute this convincing evidence of contributory negligence left no genuine issue of fact to be resolved.
In Duplechain, plaintiff alleged that defendant was the insurer of the owner or driver of the automobile that struck and injured her son. The evidence presented on defendant’s motion for summary judgment, documentary proof showing title to the automobile insured by defendant to be in a third person, a copy of defendant’s policy, and affidavits of an officer of defendant insurance company stating that it never issued any policy to the owner of the automobile involved in the accident. Plaintiff failed to counter this convincing and directly contradicting proof against her allegations, so it was assumed that there was no dispute with regard to the facts set forth in the motion for summary judgment. We stated: “The mere allegation of a fact in the pleadings, as opposed to proof to the contrary, will not ordinarily be sufficient to show that a genuine issue of material fact exists.” 155 So.2d at 464.
*216 Burrell v. Baton Rouge Securities Co., a decision of our brothers of the First Circuit, can also be distinguished on the fact that defendant’s evidence, plaintiff’s deposition and the affidavit of an attorney, directly contradicted plaintiff’s allegation that defendant participated in a fraudulent scheme. It seems that all evidence concerning defendant’s alleged assistance in the fraud had been presented.
In the case before us, the evidence submitted by the proponent of the motion for summary judgment was too narrow to prove the contrary of plaintiff’s pleading allegations. All that was shown was that neither Hicks nor Trout knew at the time they gave the statements that the fire was caused by negligence. Trout’s affidavit does not challenge the possibility that the “Persons or person, as yet unidentified, who works with or is associated with the DeRidder Fire Department” might have knowledge of the cause of the fire. It might also be shown on cross-examination of Trout that there was some business practice on the part of the management or employees of Morgan & Lindsey’s that' constituted negligence, or some negligent act of an employee, not yet brought to Trout’s attention, which might, after a full hearing on the merits, be held to be negligence chargeable to his employer. Aetna was not required to submit pro forma affidavits to counter Trout’s affidavit that if there was a person who knew what caused the fire, Trout did not know who he was.
Aetna’s answer to Morgan & Lindsey’s interrogatories stating its intention to call only Trout and some unknown firemen as witnesses to the acts of specific negligence does not require a different result. Even if Louisiana has a rule requiring pretrial disclosure of the identity of witnesses, that disclosure need only be complete as of the date of the answer. The interrogated party need not gratuitously provide the opponent, by affidavit or other means, with the names of additional witnesses subsequently discovered. 27 C.J.S. Discovery § 30(2).

Decree

For the reasons assigned, we reverse the trial court’s dismissal of plaintiff’s suit on summary judgment, and remand for further proceedings consistent with the views expressed. The costs of this appeal are to be paid by Morgan & Lindsey, Inc.; all other costs to await final disposition of these proceedings.
Reversed and remanded.