HOOD, Judge.
This is an action for damages arising out of an intersectional collision between an automobile being driven by Marin J. Durand and a vehicle being driven by Chester Balthrope. Beacon National Insurance Company, as the collision insurer of the Balthrope car, paid a substantial portion of the damages done to that vehicle, and it instituted this suit as subrogee of the insured. The defendants are Marin J. Durand and Alcea John Durand, d/b/a Durand Brothers, and their insurer, Employers Liability Assurance Corporation.
Defendants filed a third party demand against Vermilion Parish Police Jury, alleging that the Police Jury was negligent in failing to maintain proper traffic control devices at the intersection. The Police Jury filed exceptions of no right and no cause of action, and an exception of immunity from suit. Judgment was rendered by the trial court sustaining all of these exceptions and dismissing the third party action against the Police Jury. The third party plaintiffs have appealed.
The sole issue is whether the Vermilion Parish Police Jury is immune from suit under the doctrine of sovereign immunity for its alleged failure to maintain proper traffic warning signals at the intersection where this accident occurred.
The common law doctrine of sovereign immunity is firmly entrenched in Louisiana law. It originated as a jurisprudential legal principle, rather than an affirmative constitutional provision. Under that doctrine the state may not be sued in any *208 court, except in those cases in which the United States Supreme Court has original jurisdiction, unless the state expressly consents to suit. Durbridge v. State, 117 La. 841, 42 So. 337 (1906); State ex rel. Hart v. Burke, 33 La.Ann. 498 (1881); Reymond v. State, Through Department of Highways, 255 La. 425, 231 So.2d 375 (1970).
Although the doctrine of governmental immunity has never been specifically included in a Louisiana Constitution, the constitutions of 1898, 1913 and 1921 recognized that such a doctrine does apply, because in each such constitution special procedures were provided by which the sovereign immunity of the state and its subdivisions could be waived. See La.Const.1898, § 192; La.Const.1913, § 192; La.Const.1921, Art. 3, § 35 (as amended pursuant to Act 385 of 1946 and Act 621 of 1960); Lewis v. State, 207 La. 194, 20 So.2d 917 (1945).
Several exceptions to the broad principle of sovereign immunity have been provided by legislative acts and by jurisprudence. One well recognized exception to the doctrine of sovereign immunity in Louisiana, for instance, is that a municipality is not immune from suit or liability for negligence in failing to keep its streets and sidewalks in repair or in a reasonably safe condition for travel. Howard v. City of New Orleans, 159 La. 443, 105 So. 443 (1925); and Carlisle v. Parish of East Baton Rouge, 114 So.2d 62 (La.App. 1 Cir. 1959).
It is now settled that another exception to this doctrine is that when the legislature authorizes a public body or governmental agency to “sue and be sued,” such an authorization constitutes a general waiver of immunity from suit. Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965); Herrin v. Perry, 254 La. 933, 228 So.2d 649 (1969); Terrebonne Parish School Board v. St. Mary Parish School Board, 242 La. 667, 138 So.2d 104 (1961); Reymond v. State, Through Department of Highways, supra.
The Police Jury of a parish has always been held to be immune from suit in tort under the doctrine of sovereign immunity. We find no statute which authorizes police juries to “sue and be sued,” or which in any other manner can be interpreted as a general waiver of that immunity. There has been no special waiver of immunity in this suit.
In Snell v. Stein, 201 So.2d 876 (La.App. 4 Cir. 1967), the plaintiff sued the Parish of Jefferson and its Traffic Engineer for damages arising out of an automobile accident, alleging that defendants were negligent in having failed to provide an adequately safe traffic control system at a major intersection. The trial court sustained an exception of no cause of action filed by the Parish of Jefferson, on the ground that the Parish was immune from suit under the doctrine of sovereign immunity, and that there had been no general or special waiver of that immunity. The Fourth Circuit Court of Appeal affirmed that judgment, holding that:
“Nonetheless, there necessarily must be a waiver of immunity for liability to obtain and we have not been directed to any legislative enactments importing a waiver of this immunity or conferring upon a litigant the right to so sue the Parish of Jefferson or its officials in tort.”
The issues presented in Snell are identical to the issues presented here, and the judgment appealed from in this instance must be affirmed if we are to follow the reasons assigned in that case.
Third party plaintiffs point out, however, that Article 19, Section 26, of the Louisiana Constitution (which section was added in 1956) provides that certain governmental agencies, which are specifically listed therein, shall be considered as “special agencies” of the state, and that the consent of the state to suits against those agencies is expressly withdrawn. Parishes are included in that list, but only in matters relating to parks and recreational fa *209 cilities. Plaintiff argues that by adopting that section of the constitution, the Legislature and the people clearly evidenced an intent to allow suit against all agencies of the State which are not listed therein, and that the instant suit against the Police Jury must be held to have been impliedly authorized since it was not specifically prohibited in the cited section of the constitution.
We do not agree with that argument. It appears to us that Section 26, of Article 19, was added to make certain that thereafter the public bodies listed in that section would be considered to be special agencies of the state so that the doctrine of sovereign immunity would apply, and to withdraw any general waiver of immunity which may have applied to those bodies. We, however, do not interpret that section as constituting a general waiver of immunity by the State for all agencies not listed in it. The State, for instance, is not listed as one of the agencies covered by that section, and we feel that the Legislature and the people did not intend for this constitutional provision to operate as a general waiver of immunity by the State. The doctrine of immunity has always been applied to parishes, and there thus was no reason to list them in the cited section, other than as to matters relating to parks and recreational facilities.
Our conclusion is that Section 26, of Article 19, of the Constitution does not have the effect of waiving the traditional immunity of a parish, or the Police Jury of a parish, from suit in tort.
Third party plaintiffs argue further that the doctrine of sovereign immunity is not a favored doctrine, that it should be applied conservatively, that there is no rational basis for parishes to be immune from tort actions while municipalities are not, and that despite prior jurisprudence we should hold here that the Vermilion Parish Police Jury is not entitled to the protection provided by that doctrine.
We are aware of at least some of the criticism which has been expressed toward the doctrine of governmental immunity, and we have considered jurisprudence which has resulted in a substantial erosion of that principle. See, for instance, 13 La.L.Rev, 476; 3 La.L.Rev. 720; Carlisle v. Parish of East Baton Rouge, supra. We believe, however, that the Snell case correctly expresses the jurisprudence of this state as to the applicability of that doctrine to parishes, and we feel that we should apply that doctrine here. If the law is to be changed, then we feel that the change should be brought about through legislative channels rather than by jurisprudence.
Third party plaintiffs contend, finally, that a parish has the right to sue and to be sued, as a body politic, that it occupies the same position as a governmental agency which has been specifically authorized by statute to “sue and be sued,” and that a parish thus is not entitled to any greater immunity from tort actions than is any other state agency or subdivision. A number of authorities are cited to show that parishes have sued and have been sued.
We agree that a parish has the capacity to sue and to be sued. The doctrine of sovereign immunity is applicable to a parish, however, just as it is applicable to almost every other agency of the state. The Legislature has granted a general waiver of immunity to some of these agencies, but it has not granted such a waiver to all of them. The question presented here is whether the Legislature has formally authorized parishes to “sue and be sued,” or whether it has taken any other action which may be construed as a general waiver of the parish’s traditional immunity from suit in tort. We find that there has been no such general waiver of immunity relating to parishes.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to the appellants.
Affirmed.