277 So.2d 183 (1973)
Ben F. GARLINGTON, Plaintiff-Appellant,
v.
Daniel M. KINGSLEY et al., Defendants-Appellees.
No. 4135.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
Rehearing Denied May 24, 1973.
Writ Granted June 29, 1973.
*185 Gravel, Roy & Burnes by Dan E. Melicher, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by Henry B. Bruser, III, Provosty & Sadler by LeDoux R. Provosty, Jr., Alexandria, for defendants-appellees.
Gist, Methvin & Trimble by John W. Munsterman, Alexandria, for intervenor-appellee.
Before SAVOY, MILLER and DOMENGEAUX, JJ.
SAVOY, Judge.
This is an appeal from a judgment of the trial court sustaining a motion for summary judgment filed by Rapides General Hospital. We have determined that the motion was erroneously granted, and judgment must be reversed.
Benjamin F. Garlington was injured during his employment with the Rapides Parish School Board on or about May 8, 1970. He underwent surgery for a laminectomy performed by Dr. Daniel M. Kingsley at the Rapides General Hospital, formerly Baptist Hospital, on July 24, 1970. Both Dr. Kingsley and Rapides were made defendants in a suit for damages filed on July 23, 1971. Plaintiff alleged that the operation left him with certain residual disabilities attributed to inadequate post-operative care and treatment by Dr. Kingsley and in his failing to take steps to remedy plaintiff's condition. Plaintiff also alleged that the hospital personnel of Rapides were negligent. An amended petition by plaintiff named as additional defendants the insurer of Dr. Kingsley and Rapides. A second supplemental and amending petition by plaintiff alleged further facts of Dr. Kingsley's negligence, and negligence of the hospital itself for failing to properly supervise and select employees, nurses and others who worked for the hospital. Answers to the original and amended petitions were filed by all defendants. Rapides' answers asserted the affirmative defense of charitable immunity. Additionally, Rapides filed a motion for summary judgment on the proposition it is a non-profit corporation and charitable institution and is not liable for the torts of its employees.
A hearing was held on the motion for summary judgment, and at the hearing Rapides filed in evidence the affidavit of the administrator of the hospital and its corporate charter. The affidavit which was introduced showed that Rapides was and is a non-profit corporation organized for scientific, literary and educational purposes; that the hospital is not operated to make a profit but solely to heal the sick and relieve suffering without hope or purpose of getting gain from the services dispensed; that no provision in the corporation allow for dividends or profits; that funds are derived mainly from public and private charity; that the facilities of Rapides are opened to all regardless of financial condition; that no property assets of the corporation accrue to the benefit of private individuals, but that all funds derived are expended for charitable purposes. The corporate charter attached to the affidavit verified statements contained in the affidavit.
The trial judge granted the motion for summary judgment, and in his written reasons said, "* * * the plaintiff has not properly pleaded the exception to the charitable immunity principle. It is not sufficient to allege a blanket indictment of negligence in the selection of employees without being more specific. There should be a causal connection of the negligent selection of employees and the accident. In these respects the petition is lacking."
We summarize the legal principles and codal articles applicable to this factual situation. LSA-C.C.P. Article 966 provides:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. * * *.

*186 "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
LSA-C.C.P. Article 967 provides:
"* * * When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
The burden of showing that there is not a material factual issue is upon the mover for summary judgment. All doubts are to be resolved against granting a summary judgment and in favor of a trial on the merits to resolve disputed facts. Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La.App. 3 Cir. 1969); Aetna Insurance Company v. Morgan & Lindsey, Inc., 238 So.2d 212 (La.App. 3 Cir. 1970); Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3 Cir. 1966).
If the mover at the trial of a motion for summary judgment produces convincing proof, by affidavits or other receivable evidence, of the facts upon which the motion is based, and no counter-affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings. LSA-C.C.P. Arts. 966 and 967; Joiner v. Lenee, 213 So.2d 136 (La.App. 3 Cir. 1968); Roy & Roy v. Riddle, supra; Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459 (La.App. 3 Cir. 1963).
LSA-C.C.P. Art. 967 does not impose upon the adverse party a vain and needless obligation to respond merely because the other party has applied for summary judgment with supporting affidavits or exhibits. Meaning must be given to the words "if appropriate". To hold otherwise would mean that a party would be required under penalty of a definitive judgment against him to respond in every case, even though the motion for summary judgment on its face is without merit. This certainly could not have been the legislative intent in adopting the amendment to LSA-C.C.P. Article 967. Snipes v. Southern Baptist Hospital, 243 So.2d 298 (La.App. 4 Cir. 1971). The amendment to LSA-C.C.P. Art. 967 does not require an opponent to a summary judgment to produce pro forma affidavits simply to contradict the affidavits filed by the proponent, when the proponent's affidavits do not directly put at issue allegations of material fact in the petition. Aetna Insurance Company v. Morgan & Lindsey, Inc., supra; Roy & Roy v. Riddle, supra.
The affidavit and receivable evidence in the instant suit revealed Rapides to be a charitable institution. Plaintiff's failure to file counter-affidavits or receivable evidence to disprove this fact justifies a conclusion that Rapides is a charitable institution, and that there is no genuine issue to this fact. Does this established fact entitle Rapides to a summary judgment?
Charitable institutions are immune from tort liability to paying patients for the negligent acts of the institution's employees. Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969). Although there were three dissents in Grant, supra, until that case is reversed by our State Supreme Court, we feel bound by it. However, immunity does not apply when corporate negligence can be proven, that is, if it is shown that the institution was negligent in the selection of its employees. Grant v. Touro Infirmary, supra. Plaintiff, in his amended and supplemental petition, alleges Rapides was guilty of negligence *187 "for failing to properly supervise and select employees, nurses and others who work for the hospital who were incompetent * * * and that as such, its training program, selection of employees and other personnel policies are lacking, negligently maintained and woefully inadequate." The motion and supporting documentation of Rapides did not contain any information showing it to be free of corporate negligence. Since Rapides' affidavits and receivable evidence did not put at issue its freedom from corporate negligence, plaintiff was not under any obligation to file counter-affidavits. The fact that Rapides is a charitable institution does not relieve it of liability if allegations are made that it was itself negligent. The evidence submitted by Rapides at the hearing on the motion for summary judgment was too narrow to prove the contrary of plaintiff's pleading allegations. Aetna Insurance Company v. Morgan & Lindsey, Inc., supra. We believe a genuine issue of material fact concerning Rapides' corporate negligence remains. Accordingly, we reverse the summary judgment in favor of Rapides and against plaintiff, and render judgment in favor of plaintiff, denying the motion for summary judgment.
Rapides has filed an exception of no cause of action with its appeal on the ground that the allegations of ultimate fact do not disclose any actionable negligence by Rapides. Our examination of plaintiff's petition shows the allegations inform Rapides of the claim, but the allegations of fact do not specify in what respects Rapides was negligent in selecting and training its employees. The exception of no cause of action is hereby maintained. The grounds of the objection upon which the exception is pleaded may be removed by amendment of the petition. Therefore, under the authority of LSA-C.C.P. Article 934, plaintiff is granted thirty days from the date this opinion is rendered to amend his petition, and in default thereof, the case stands dismissed with prejudice.
For the reasons assigned, the judgment of the district court granting the motion for summary judgment in favor of Rapides General Hospital is hereby reversed and set aside. This case is remanded to the district court, and plaintiff is allowed a delay of thirty days from the date on which this decision becomes final within which to amend his petition so as to state a cause of action consistent with the views expressed herein. If plaintiff amends his petition within the delay granted, further proceedings shall be had in this case in accordance with law. If plaintiff fails to so amend his petition, within the delay granted, the exception of no cause of action shall be sustained, and this action shall be dismissed. All costs in the trial court shall await final determination there. All costs of this appeal are assessed against the defendant-appellee, Rapides General Hospital.
Reversed and remanded.
MILLER, J., dissents in part and assigns reasons.
MILLER, Judge (dissenting in part).
I agree that the summary judgment awarded to Rapides General Hospital should be reversed but do not reach the issue concerning the exception of no cause of action filed in this court. I would hold that the doctrine of charitable immunity is not applicable [1] in this state for the reasons assigned by the three dissenting justices in Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (1969) at 223 So.2d 155 et seq.
The three dissenting justices are the only justices who participated in the Grant decision *188 and who are presently serving on our Supreme Court. The charitable immunity doctrine clashes with our Civil Code. The overwhelming view of authorities and writers rejects the doctrine as being unsound in theory and in application. In a civilian jurisdiction such as ours, where we are bound to follow positive law, decisional law should not supplant legislative or constitutional authority. We should follow the Civil Code. See the dissents at 223 So.2d 155 et seq.
By perpetuating the obsolete charitable immunity doctrine we make it possible to require the trial of the case against Rapides General Hospital twice. First on the issue permitted by the majority opinion, and second on the remaining allegations of negligence which are at issue, absent the charitable immunity doctrine.
I dissent from the retention of the charitable immunity doctrine in Louisiana.
NOTES
[1] In Beacon National Insurance Company v. Durand, 250 So.2d 207 (La.App. 3 Cir. 1971), I noted in a dissent that the doctrine of governmental immunity is an anachronism with little practical basis in this age when liability insurance is universally available. 250 So.2d at 211.