REID, Judge.
MOTION TO REMAND TO TRIAL COURT FOR ADDITIONAL EVIDENCE BY PLAINTIFF-APPELLANT
Plaintiff, James H. Henderson, appellant in this case filed a motion to remand this matter to the Trial Court to take the testimony of two purported eye witnesses Mr. and Mrs. Archie Falgout either by affidavits, depositions or in the form of a trial.
Pursuant to an order dated December 29, 1965 the parties were ordered to show cause by briefs on or before January 20, 1966 why the motion should or should not be sustained.
The facts as stated in the motion show that James H. Henderson was injured in a three car collision on October 20, 1963. A suit was filed against Ernest P. Arcen-eaux, Allstate Insurance Company and Archie Falgout. Defendants Arceneaux and Allstate Insurance Company filed a rule for a summary judgment which was tried on July 6, 1965 and on July 21, 1965 judgment was rendered by the Trial Court, in favor of the defendants Ernest P. Arceneaux and Allstate Insurance Company, finally dismissing said defendants from this suit, free of all costs.
Plaintiff contends that he had two eye witnesses who would show that there was a genuine issue of facts, and that he was prevented from taking their depositions or affidavits because of the fact that their counsel, Thomas Guzzetta, was in Europe on an extended vacation trip, having left on or about July 6, 1965.
The facts behind the motion for a summary judgment are-that the plaintiff in his deposition stated that he was not in his automobile at the time of the impact and was not injured by the second collision caused by the fact that Arceneaux’s car ran in to his car, after plaintiff had had a collision with the car driven and operated by Archie Falgout.
Plaintiff contends that there was a question, a genuine issue of facts as to which of the two impacts caused the injuries to the plaintiff. The Trial Judge in his written reasons for judgment stated:
“The matter came up for hearing and was taken up on July 6, 1965. Counsel for plaintiff objected to the introduction of the deposition aforementioned because it was taken too long after the accident when plaintiff’s memory was not clear. The record shows that the deposition was filed in the record on June 23, 1965, and that plaintiff’s counsel acknowledge receipt of a copy on June 25, 1965, eleven days before the hearing of the motion. In addition, plaintiff’s counsel filed in the record at the time of the hearing a copy of the statement made by plaintiff on October 20, 1963. Article 966 of the *677 Louisiana Code of Civil Procedure provides that the pleadings, depositions and affidavits may he considered at the hearing of a motion for summary judgment.
The deposition of May 27, 1965 states rather clearly that the injuries sustained by plaintiff were not the result of the impact between plaintiff’s car and the Arceneaux car. Furthermore, the statement made by plaintiff on November 5, 1963 described the two impacts of plaintiff’s car but in no way shows any injury received in the second impact. Hence, it does not contradict or vary in any manner the admission made in the deposition above referred to.
Consequently it is our view ‘that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.’ Accordingly, the rule for summary judgment should be made absolute, and the demands of plaintiff against Arceneaux and his insurer should be denied and dismissed. (Emphasis supplied).”
While plaintiff-appellant contends that he was unable to show the genuine issue of facts by having the depositions or testimony or affidavits of the Falgouts in the record, he made no effort to introduce any other affidavits or other depositions, nor did he in any way attempt to use the discovery devices as provided by the Louisiana Code of Civil Procedure in order to obtain such depositions or affidavits for the purpose of introducing the same.
We feel certain that had plaintiff’s counsel asked for a continuance in order to obtain the evidence the Judge would have readily agreed to it. Certainly he would be in a better position to come before this Court and ask for equitable relief herein.
The question of whether the absence of Mr. Falgout’s attorney on an extended trip to Europe would have prevented their giving their testimony does not in any way change the result. Mr. Guzzetta had a law partner who could have appeared with them and protected their rights, or the plaintiff could have obtained a continuance to take their testimony. The facts show that Mr. Guzzetta did not leave for Europe until on or about July 6, 1965 and that the deposition of the plaintiff-appellant was filed on June 23, 1965 and on June 25, 1965 plaintiff-appellant’s counsel acknowledged receipt of a copy of the filing of the deposition and motion for a summary judgment. This gave him ample time to have secured the necessary affidavits from the Falgouts even before Mr. Guzzetta left on his trip, or to have taken their testimony by deposition.
LSA Article 966 C.C.P. states in part as follows:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
We believe that the Judge of the Lower Court was correct in holding there was no genuine issue of facts as far as the right of plaintiff against Arceneaux and Allstate Insurance Company and properly sustained the motion for a summary judgment.
For these reasons the motion to remand this matter to the Trial Court for additional evidence is denied and overruled.
Motion to remand overruled.