LANDRY, Judge.
Plaintiff herein, James H. Henderson, appeals from the summary judgment of the trial court rejecting his demand in tort for solidary judgment against defendants, Archie Falgout, Ernest P. Arceneaux and the latter’s liability insurer, Allstate Insurance Company, sometimes hereinafter referred to simply as “Allstate”, for personal injuries and loss of earnings suffered as the result of an automobile accident involving vehicles owned and being operated respectively by appellant and defendants Falgout and Arceneaux.
The sole issue on appeal is whether the pleadings, depositions, admissions and affidavits reveal the absence of a material issue of fact as regards appellant’s claims against defendants Arceneaux and Allstate *209 and, if so, whethersaid defendants were entitled to summary judgment dismissing plaintiff’s claims against them as a matter of law.
Plaintiff’s petition alleges that on or about October 20, 1963, at approximately 10:30 P.M., he was driving his car in a westerly direction along U. S. Highway 90, about eight miles east of Raceland, Louisiana, at a reasonable and lawful rate of speed when suddenly his vision was obscured by a dense fog bank. (It appears, however, it was not fog plaintiff encountered but smoke from a swamp fire, which condition had caused several other accidents in the vicinity.) Appellant avers he applied his brakes immediately upon confronting the aforementioned visual impediment, but before he was able to stop his vehicle, he struck the Falgout automobile which was avowedly parked, unattended, and without lights in the westbound lane of the highway which, at the point of impact, was a two lane paved roadway. Appellant’s complaint further asserts that within a few seconds of the impact, before plaintiff was able to get out of his automobile, it was struck in the rear by the westbound Arceneaux car.
No claim is made herein by plaintiff for property damage. The petition recites that as a result of the accident plaintiff, a dentist, sustained severe personal injuries disabling him from pursuing his chosen profession for a period of four weeks.
Several months after answers were filed herein by all parties defendant and respondent Arceneaux had replied to certain interrogatories propounded by plaintiff, appellant’s deposition was taken at the instance of Arceneaux and Allstate, in the course of which there was elicited from plaintiff the following crucial testimony:
“Q And could you give me an estimate about how many feet your car moved after it struck the Falgout car?
A It couldn’t have been very many. Probably five or six feet at the most.
Q Now, right after the collision would you tell me what you did?
A Well, when this hood crawled up in the front of my face, I didn’t know what was going to happen then, not having any experience in accidents. I immediately tried to get out of the car and actually open the left door. So then I started to the right door and I grabbed the right door and I could open the right door.
Q And then what happened?
A I got out as fast as I could.
Q When did the car owned by Mr. Arceneaux strike your car ?
A Well, actually I believe as soon as I was probably half out of the door, that’s about at the time that the car did strike me as far as I can remember. Things were happening so fast, it’s pretty difficult to pinpoint what happened at this particular time. It either hit as soon as I was out of the door or half out of the door. It was enough for me to get clear of the door.
Q In other words, as your car was moved forward from the impact, you were clear of the car?
A Yes.
Q Then actually as a result of the second impact when you were struck from the rear, no part of your car hit you?
A No.
Q So any injuries you may have received would have come from the initial impact when you struck the Falgout car?
A Right.”
Subsequent to taking appellant’s aforesaid deposition motions for summary judgment were filed on behalf of defendants Ar-ceneaux and Allstate. Our learned brother *210 below considered plaintiff’s petition alleged two impacts and the effect of plaintiff’s deposition constituted an admission or acknowledgment that appellant’s injuries resulted solely from the first impact or accident and on this ground granted the motions for summary judgment.
Plaintiff’s specification of errors may be ■categorized in three classifications, namely: (1) The trial court erred in considering an isolated statement in plaintiff’s deposition .and simultaneously ignoring those portions thereof which indicate plaintiff was confused and had in fact not exited from the vehicle at the time of the second impact and .also disclose that the attending circumstances were not simple but complex in nature and could only be clarified by trial ■on the merits; (2) Appellant’s cause was prejudiced by the failure of the lower court to consider the answer by defendant Ar-ceneaux to Interrogatory No. 9 propounded to him by plaintiff, the nature, content and implication of which will be discussed hereinafter in some detail; and (3) The trial ■court erred in failing to consider the impossibility of obtaining counter affidavits because counsel for Mr. and Mrs. Falgout, the only other witnesses to the accident, was .away in Europe and consequently unavailable when appellees’ motions for summary judgment were filed.
Counsel for appellant correctly •points out that if there is any doubt con■cerning the absence of a material issue of fact, the motion for summary judgment does not lie and must be rejected in favor of trial on the merits. Citing LSA-C.C.P. Art. 966; Wilkinson v. Husser, La.App., 154 So.2d 490, and other authorities, counsel for appellant also properly maintains that in the disposition of a motion for summary judgment, the burden of proof rests heavily upon the mover against whom any doubt ■must be resolved.
Reviewing appellant’s deposition and ■statements filed at the hearing on appellees’ rule for summary judgment, we note an ab.■sence therein of anything in contradiction of the portion of appellant’s deposition here-inabove quoted. Granting appellant may have been confused and anxious to remove himself from his automobile, the left door of which was jammed, and that he was unable to state precisely whether he was “out of the door or half out of the door” at the moment of the second impact, his testimony nevertheless clearly indicates the interval was sufficient for him to get clear of his vehicle. We agree with the conclusion of our learned colleague below to the effect that plaintiff’s unequivocal statement he received no injuries as a result of the second impact stands uncontradicted in the record. That appellant’s automobile was damaged in the second collision is a matter of no moment considering plaintiff does not herein seek an award for property damage.
Appellant’s interrogatory Number Nine, propounded to defendant Arceneaux, was as follows:
“Interrogatory No. 9. If you claim that any negligence of Plaintiff JAMES H. HENDERSON contributed to the accident, describe in your own words the nature of such acts or omissions as were negligent.”
In response to the aforesaid interrogatory, defendant Arceneaux narrated a list of fourteen acts of negligence which said respondent suggested contributed to the accident, including inter alia, plaintiff’s alleged excessive speed, failure to maintain a proper lookout, and parking on the highway and neglecting to set out warning flares. Among the derelictions attributed to plaintiff in Arceneaux’s answer to appellant’s said interrogatory is the following:
“12.. In remaining in his vehicle after it collided with the Falgout automobile although he had ample opportunity to remove himself therefrom.”
Appellant argues the foregoing admission on defendant’s part is contrary to plaintiff’s statement in his deposition to the effect he *211 had cleared the door of, his vehicle prior to the second impact.
We note that the answers to plaintiff’s interrogatories, contrary to the provisions of LSA-C.C.P. Art. 1491, are attested to by counsel for defendant, Arceneaux, rather than the party to whom the queries were addressed. Be that as it may insofar as concerns admissions therein contained, such declarations, as formal statements of said defendant’s counsel, are as binding on Arceneaux as though made by him in person. Said Interrogatory Number 9, however, calls only for a narration of defendant’s contentions or legal position as regards the possible contributory negligence of plaintiff. Defendant’s answer is responsive to the inquiry and proceeds to list every conceivable act of negligence of which plaintiff may have been guilty.
Assuming arguendo, the twelfth item of Arceneaux’s answer to appellant’s ninth interrogatory must be deemed an admission that plaintiff was still in his car at the moment of the second impact, it nevertheless does not, in our judgment, contradict plaintiff’s statement that his injuries resulted solely from the first impact.
Regarding counsel’s contention that the trial court failed to consider the impossibility of obtaining counter affidavits from Mr. and Mrs. Falgout because of the absence of their counsel from the state, we note that this issue was previously raised and disposed of by motion to remand for taking additional evidence. We ordered the parties to show cause by briefs why the motion should or should not be sustained, and after consideration of the briefs, we overruled the motion. See Henderson v. Falgout, La.App., 183 So.2d 675.
Predicated on the state of the record as it existed in the trial court at the time the motion for summary judgment was adjudicated, we hold the trial court correctly found there was no dispute as to material facts and defendants Arceneaux and Allstate were entitled to judgment dismissing plaintiff’s demands as to them.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.