CHIASSON, Judge.
This is an appeal by Larry D. Bodin, plaintiff-appellant, of a judgment rendered against him and in favor of Gilbert Dau-phine, Sterling Sugars, Inc. (Sterling), and American manufacturers Mutual Insurance Company, defendants-appellees, denying his tort claims resulting from an automobile accident on April 30, 1974. The accident occurred when plaintiff, driver of a 1964 Volkswagon, attempted to pass Sterling’s farm tractor driven by Dauphine on Louisiana Highway 317, a hard surface road from Bayou Sale to Franklin, Louisiana. Both vehicles were west-bound at the time the passing maneuver was attempted and the collision occurred as the tractor was making a left turn onto a field road.
The case was tried by a jury who found defendants negligent and plaintiff contribu-torily negligent or that plaintiff had the last clear chance to avoid the accident. After the Trial Court denied his motion for a new trial, plaintiff perfected this devolutive appeal. The defendants neither appealed nor filed an answer to the appeal.
Since no appeal was taken from the finding by the jury that the defendants were negligent, we need only consider what duty the plaintiff owed to Dauphine in attempting to pass the tractor he was driving and whether the record contains evidence to establish that the duty was breached by the plaintiff.
The principle of appellate review applicable to this case is to determine if there is any evidence of record which furnishes a reasonable basis for the jury’s findings. The factual findings of the jury should not be disturbed on appeal in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
At the point of collision there was no impediment to the execution of a passing maneuver. There were no traffic control devices in the area, no road markings on the pavement, and the field road onto which the tractor attempted to turn was not an intersection within the meaning of La.R.S. 32:76.A.(2). The only conduct on the plaintiff’s part which would have constituted negligence would be for him to have attempted the passing maneuver without observing obvious indications from the tractor driver of his intent to do something other than remain in his lane or for him to have attempted the passing maneuver in a manner which is commonly described as a “rapid overtaking.”
The jury could well have believed Dau-phine’s version of the accident, which was *1277 that he was traveling about 22 miles per hour as he approached the area where he intended to make a left turn; that as he neared the field road, he looked back and saw the Bodin vehicle behind him and decelerated until he came to a stop near the field road; that upon looking back again he saw the Bodin vehicle stopped behind the tractor; that he then shifted the tractor to first gear and started to execute his turn at which time he noticed the Bodin vehicle on his left side and cut his wheel in the opposite direction.
Despite his efforts, the right front and side of the Bodin vehicle came in contact with the left front wheel of the tractor. The physical evidence favors this version of the accident because Bodin’s vehicle came to rest only thirty feet from the point of impact after the collision. Apparently, both drivers began to pull unto the left lane at approximately the same time, the Volks-wagon accelerating at a greater rate than the tractor. Both drivers would therefore be negligent and the doctrine of last clear chance would not be applicable because neither driver would be able to act effectively to avoid the accident. Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960).
Bodin’s version of the accident is completely different. He, his passenger, and another witness deny that Bodin ever stopped behind the tractor. Generally, their testimony is that Bodin pulled into the left lane after giving a hand signal and was passing the tractor at 45 miles per hour when the tractor turned into Bodin’s vehicle. There is sufficient evidence in the record from which the jury could have concluded that the manner in which Bodin executed his passing maneuver constituted a “rapid overtaking” and that Bodin was negligent in not exercising the care required under the circumstances. In Morgan v. Lumbermen’s Mutual Casualty Company, 317 So.2d 7 (1st Cir. 1975), this court held:
“As a general rule, the driver of an overtaking vehicle, upon approaching another one from the rear is under a duty to exercise a great deal of care in keeping a lookout and to make certain that no change of course of the preceding vehicle is indicated. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Jones v. Lungaro, 231 So.2d 60 (La.App. 1st Cir. 1970); Evans v. Thorpe, 175 So.2d 418 (La.App. 2nd Cir. 1965).”
We find no manifest error in the judgment of the District Court and, therefore, affirm its decision.
AFFIRMED.