LEAR, Judge.
Plaintiff, Samuel J. Ricca (Ricca), filed a suit for damages arising out of a truck-car accident, naming Johnny Sagona d/b/a S & S Trucking Company (Sagona), owner of the truck, Ed Gwin, Jr. (Gwin), driver of the truck, and Houston General Insurance Company (Houston General), insurer of the truck.
The accident occurred at the intersection of North Sherwood Forest Drive and Green-well Springs Road in East Baton Rouge Parish. At the intersection, North Sherwood Forest Drive, a two lane road, forms a “T” intersection with Greenwell Springs Road, a four lane divided highway. At the time of the accident, Ricca, driving a Ford automobile, entered the intersection from North Sherwood Forest Drive, which road is controlled by a stop sign, and was attempting to make a left turn onto Greenwell Springs Road; Gwin was approaching the intersection from Ricca’s left and struck the automobile on the left side, seriously injuring Ricca. After a trial on the merits, judgment was rendered in favor of all defendants and against plaintiff, dismissing plaintiff’s suit at plaintiff’s costs.
The testimony shows that Ricca stopped for the stop sign before entering Greenwell Springs Road, then pulled out, intending to get into the median, but found himself blocked by two other vehicles in the median. This left the Ricca vehicle blocking the left or inside lane of Greenwell Springs Road directly in the path of the truck operated by Gwin. Gwin could not move into the right or outside lane because of another car traveling alongside his truck in that lane. Having nowhere to turn and being unable to stop the truck, Gwin struck the Ricca vehicle.
The court was impressed by the testimony of two of the eyewitnesses and concluded that Ricca had failed to discharge the responsibility incumbent upon a motorist entering a favored highway. Mrs. Frances Flack, who was operating one of the vehicles stopped in the median waiting for oncoming traffic to clear (which included the truck operated by Gwin), testified that it was obvious to her that there was insufficient time to make a left turn in front of the traffic. Mr. Wilis Tanner III stated that he exited a service station located near the intersection and got into the median in preparation for a left turn. His vehicle was the second vehicle in the median. He stated that he was aware of Gwin’s truck when he pulled into Greenwell Springs Road. Both Mrs. Flack’s and Mr. Tanner’s vehicles apparently arrived in the median before Mr. Ricca pulled into the intersection.
The jurisprudence is clear that a motorist must do more than merely stop at a stop sign. He is further under a duty to ascertain that traffic conditions are safe and that further progress can be made without danger. Aucoin v. Fidelity General Ins. Co., 219 So.2d 532, La.App. 3rd Cir. (1969), writ refused 253 La. 1095, 221 So.2d 521 (1969); Plummer v. Traders and General Ins. Co., 183 So.2d 467, La.App. 3rd Cir. (1966), writ denied 249 La. 377, 186 So.2d 627 (1966).
“The motorist on a right-of-way street with knowledge of the location of a stop sign, has a right to assume that any driver stopped at the intersection on the less favored street will observe the law, and can indulge in this assumption until he sees or should see, that the other car has not observed, or is not going to observe the law.” Aucoin, supra.
As to appellant’s Specification of Error 2, that the doctrine of last clear chance is applicable, the requisites for its application are findings that (1) plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) defendant discovered, or was in a position to discover, plaintiff’s peril; and (3)that, at that time, the defendant could have, with the exercise of reasonable care, avoided the accident. Obviously, in the opinion of the trial judge, based upon the evidence presented, the plaintiff did not prove all of these elements.
After consideration of the record, we cannot say that the trier of fact was clearly wrong. Therefore, we will not dis *129 turb his findings. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For these reasons, the judgment of the trial court is affirmed, plaintiff-appellant to pay all costs.
AFFIRMED.