COVINGTON, Judge.
This is an appeal by the plaintiffs, Merlyn T. Chaney and Virginia S. Chaney, from a judgment in favor of the defendants, Frankie Cunningham and South Central Bell Telephone Company, dismissing the plaintiffs’ suit at their costs. The basis of the dismissal was that the contributory negligence of Virginia Chaney barred recovery.
The evidence presented at the trial established that the accident in question happened on March 19,1976, at about 4:00 p. m. on the Gulf States Road in front of the Ethyl Plant in Baton Rouge, Louisiana. Frankie Cunningham, an employee of South Central Bell Telephone Company, was driving a phone company truck in qn easterly direction on Gulf States Road at a slow rate of speed. Following the Bell vehicle was a car occupied by a Mr. and Mrs. Dunlap. Mrs. Chaney’s vehicle was proceeding behind these two vehicles after she pulled out of the Ethyl parking lot onto Gulf States Road. At this point Gulf States Road is a two lane roadway with dashed white lines indicating a legal passing lane. Since the preceding vehicles ahead of her were moving at a slow rate of speed, Mrs. Chaney ascertained that there was no oncoming or westerly traffic and that the way was clear to pass, so Mrs. Chaney pulled into the left lane and passed the Dunlap car, the car following the Bell truck.
Mrs. Chaney testified that just as the front wheels of her vehicle were past the Bell truck, the defendant driver attempted to turn left into a driveway leading to the Ethyl parking lot. In attempting to execute this left turn, Cunningham’s vehicle collided with the Chaney car which was passing the truck at the time. The left fender, bumper, grill, and dust shield of the truck hit the right side of the Chaney car, just in front of the door. Cunningham did not see the Chaney car until the impact. Although Cunningham said he signalled for a left turn, neither Mrs. Chaney nor Mrs. Dunlap saw such a signal. The trial judge accepted the testimony of Mrs. Chaney and Mrs. Dunlap and found as a fact that Cunningham did not signal. The trial judge found that the “negligence of Mr. Cunningham consists of failing to keep a proper lookout, attempting a left turn before ascertaining that he could do so safely without endangering overtaking or oncoming traffic, failing to observe plaintiff’s passing vehicle so as to avoid collision, and neglecting to indicate his intention to make a left turn.” The trial judge also found that Cun *521 ningham failed to see what he should have seen. The negligence of Cunningham is not seriously disputed by the defendants, and the evidence in the record clearly establishes the negligence of the driver of the Bell truck in attempting to negotiate a left turn when it was not safe to do so.
Despite this finding of negligence on the part of Cunningham, the trial court found that the plaintiff was contributorily negligent so as to bar her recovery. The court below considered that by “passing two vehicles without returning to the right side of the road,” Mrs. Chaney was executing a “dangerous maneuver” at the time of the accident. The trial judge expressed the opinion that “Mrs. Chaney was negligent in that she failed to keep a proper lookout while executing her passing maneuver; failed to notice that the Bell truck’s speed had slackened in preparation to make a left turn; and neglected to make certain that no change of course of the Bell truck was indicated before attempting to pass it.” The court went on to find that “Mrs. Chaney was under a duty to notice his slowed rate of speed, indicating a change of course. Mrs. Chaney should have seen that Mr. Cunningham was attempting to make a left turn.”
In finding that Mrs. Chaney was contributorily negligent, the trial court indicated that her passing of two vehicles without returning to the right side of this two-lane road was a dangerous maneuver under the circumstances of this ease. Based upon the record, we find that Mrs. Chaney did not use the requisite care in her passing maneuver, considering the conditions of the roadway and the fact that Cunningham was slowing his vehicle preparatory to changing the course of his vehicle. Her negligence was a contributing cause in the collision of the two vehicles. As this Court pointed out in American Road Insurance Company v. Brown, 269 So.2d 539 (La.App. 1 Cir. 1972), the question of contributory negligence is one of fact and each case must be determined from its own facts. Further, as a reviewing court, we should not disturb the trial court’s factual determination of contributory negligence in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In reaching its conclusion that Mrs. Chaney was guilty of contributory negligence, the trial court cited the ease of Palmieri v. Frierson, 288 So.2d 620 (La.1974), in which the Louisiana Supreme Court found contributory negligence on the part of the passing motorist, stating that before attempting to pass, the driver of an overtaking or passing vehicle has the duty to ascertain “from all of the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety.” See also Bodin v. Dauphine, 351 So.2d 1275 (La.App. 1 Cir. 1977), writ denied, 353 So.2d 1340 (La.1978); Husser v. Bogalusa Coca Cola Bottling Company, 215 So.2d 921 (La.App. 1 Cir. 1968).
In Morgan v. Lumbermen’s Mutual Casualty Company, 317 So.2d 7, 11 (La.App. 1 Cir. 1975), the Court found negligence on the part of both the passing and turning motorists, stating as follows:
“As a general rule, the driver of an overtaking vehicle, upon approaching another one from the rear is under a duty to exercise a great deal of care in keeping a lookout and to make certain that no change of course of the preceding vehicle is indicated. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Jones v. Lungaro, 231 So.2d 60 (La.App. 1st Cir. 1970); Evans v. Thorpe, 175 So.2d 418 (La.App. 2nd Cir. 1965).
“It is not clear from the evidence whether or not Morgan gave a left turn signal, either timely or at all. It is clear though, that Adams did not observe and recognize any such signal. Adams stated in his testimony — he would not have passed had he noticed a left turn blinker.
“Whether or not Morgan gave a left turn signal, Adams was negligent in that he knew, or should have known, that the truck in front of him was decelerating and had reached a relatively slow speed of 15-25 miles per hour. This should have put Adams on notice that the preceding vehicle was no longer merely con *522 tinuing on its course down the highway, but was preparing either to stop or turn. To continue his rapid overtaking and the subsequent passing maneuver under these conditions was negligent and a proximate cause of the accident. Evans v. Thorpe, supra; Johnson v. Wilson, 97 So.2d 674 (La.App. 1st Cir. 1957). On writs, the Supreme Court affirmed the negligence of the overtaking driver, but also found the left turning driver contributorily negligent. 239 La. 390, 118 So.2d 450 (1960).”
We find from the evidence in the record that the trial court did not commit manifest error in finding contributory negligence on the part of Virginia Chaney; she was negligent in executing her passing maneuver under the circumstances of this case and this negligence bars her recovery.
The appellant contends that even if she was negligent in contributing to the cause of the accident, she should be permitted recovery under the doctrine of last clear chance.
In Ricea v. Sagona, 392 So.2d 127 (La.App. 1 Cir. 1980), we listed the following requisites for the application of the doctrine: (1) that the plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the defendant discovered, or was in a position to discover, plaintiff’s peril; and (3) that, at the time, the defendant could have, with the exercise of reasonable care, avoided the accident.
Obviously, in the opinion of the trial court, the plaintiff did not prove all of these elements. It is easy to see that he could have found element (3) lacking, since there was no way Cunningham could have reasonably avoided the accident in the brief moment that the Chaney car suddenly came alongside when he had commenced his left turn.
As stated in Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972), where a left-turning motorist and a passing motorist were involved in a collision:
“We also find, as did the Court of Appeal, 'that, after the drivers were committed to turning and passing, neither had a last clear chance to avoid the collision. To the contrary, their maneuvers were almost simultaneous, placed both drivers in peril, and left neither in a superior position to prevent the accident. The doctrine of last-clear-chance does not apply under these circumstances.”
(citations omitted)
After consideration of the record, we cannot say the trial judge was clearly wrong. Therefore, we will not disturb his findings.

Arceneaux v. Domingue, supra.

For these reasons, the judgment of the trial court is affirmed. The appellant is cast with costs.
AFFIRMED.